UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

PAULINE MUDGE,   Case No. 11-31699-dof
   Chapter 7 Proceeding
Debtor.   Hon. Daniel S. Opperman
_____/

OPINION REGARDING APPLICATION FOR COMPENSATION
OF SPECIAL COUNSEL, C. DANIEL HARRY & ASSOCIATES PLLC

C. Daniel Harry & Associates PLLC ("Harry") seeks attorney fees from the bankruptcy estate, as well as the imposition and enforcement of a lien on proceeds to be received by the Debtor which the Debtor exempted. The Chapter 7 Trustee, Samuel Sweet, objects to this request.

Introduction and Facts

The Debtor suffered a fire loss at her home located at 1729 New York Avenue, Flint, Michigan. The Debtor originally retained Jo Robin Davis to investigate this incident and initiate a lawsuit, if necessary. Being dissatisfied with her attorney's responsiveness, the Debtor, as well as her nephew, Brian Sanderson, retained Harry to continue the investigation and file a lawsuit, if necessary. Harry signed a retainer agreement with the Debtor and Mr. Sanderson allowing him a rate of $300.00 per hour for his services rendered in this matter. Neither Harry or Trustee Sweet have a copy of this agreement.

The Debtor filed a Chapter 7 petition with this Court on April 4, 2011, and did not list the proceeds from the fire loss or any potential lawsuit that she may have. Likewise, the Debtor did not exempt the proceeds from the fire loss or any potential lawsuit.

Trustee Sweet conducted a first meeting of creditors and filed a Report of No Distribution

1

with this Court on May 12, 2011, and May 13, 2011, respectively. The case was subsequently closed, but then reopened on August 17, 2011, because Trustee Sweet discovered the fire loss incurred by the Debtor and the potential for recovery from that loss. On June 18, 2012, Trustee Sweet filed an Application to Employ Harry as Special Counsel because Harry had filed a lawsuit against the Debtor's insurance company for the fire loss.

Pertinent parts of the Application filed with the Court are:

>   5.   C. Daniel Harry has advised the Trustee that he is willing to represent the estate on a contingency fee basis of 1/3 attorney fee of any recovery after expenses are deducted. . .
>
> . . .
>
>   7.   Upon information and belief, other than as disclosed, C. Daniel Harry does not hold or represent any interest adverse to the Trustee in the matters upon which he is to be engaged and his employment would be in the best interest of the Debtor's estate and he is a disinterested persons as defined by 11 U.S.C. § 101(14).
>
>   8.   Mr. Harry is aware of the provisions of 11 U.S.C. § 328(a) and has agreed, notwithstanding the terms and conditions of employment set forth herein, that the Court may allow compensation different from the compensation provided herein if such terms and conditions prove to have been improvident in light of developments unanticipated at the time of the fixing of such terms and conditions.
>
>   9.   Upon information and belief, other than as disclosed, C. Daniel Harry has no connection with the Debtor, the creditors, or any party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, which should disqualify him from representing the estate as evidenced by the Affidavit of Disinterestedness submitted herewith.

Additionally, the Affidavit of Disinterestedness of Harry states the following:

> Samuel D. Sweet, in his capacity as Trustee of this bankruptcy estate, has requested that C. Daniel Harry act as his special counsel in this matter. Applicant agrees to limit his compensation to the appropriate one-third contingency fee of all sums recovered after costs are deducted.
>
> Any direct out-of-pocket costs will be charged to the estate. Copies will be charged at $.20 per page, facsimile transmission either to or from the firm at $.50 per page. The firm will not be paid any fees or costs without prior Court's approval, as

2

11-31699-dof    Doc 67    Filed 08/23/13    Entered 08/23/13 13:50:02    Page 2 of 6

required by 11 U.S.C. § 331.

C. Daniel Harry has read the Trustee's Application and agrees to accept said employment on the terms and conditions contained therein.

On June 11, 2012, however, Harry wrote the following letter to counsel for Trustee Sweet:

Enclosed please find the original Affidavit signed by me for filing with the Petition. For the record, I have already been retained by the insured/debtor to handle this matter on an hourly basis. Ms. Mudge will ultimately decide if it is worthwile [*sic*] to simply pay off the unsecured creditors with any proceeds she may receive.

Harry continued the state court lawsuit and apparently received $9,851.50 from Mr. Sanderson. Harry claims Mr. Sanderson still owes approximately $20,829.50.

The defendant in the state court lawsuit filed a motion for summary disposition that required substantial effort by Harry to defend successfully. At this time, Mr. Sanderson stopped paying Harry and Harry advised Trustee Sweet that he could no longer continue this lawsuit because he had a conflict. Trustee Sweet agreed with Harry that a conflict existed, but for different reasons.

Harry was allowed to withdraw and obtained an order from the Genesee County Circuit Court granting an attorney's lien in the amount of $20,829.50 as to sums received by the Debtor, Pauline Mudge. The Genesee County Circuit Court order also stated that no lien would attach to the proceeds paid or payable to the Chapter 7 Trustee.

Subsequently, the lawsuit settled for $30,000.00 which settlement this Court approved on July 1, 2013.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), as well as (B) (allowance or disallowance of claims against the estate.)

3

Applicable Authorities

11 U.S.C. § 327 states:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
>
> . . .
>
> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 328 states:

> (a) The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.
>
> . . .
>
> (c) Except as provided in section 327(c), 327(e), or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

Analysis

This case requires the Court to address the fundamental issue of the eligibility of a professional to receive money from the bankruptcy estate when that professional may have a

conflict. This Court receives requests from Chapter 7 trustees and Chapter 13 trustees to appoint counsel to handle a variety of non-bankruptcy law claims. In virtually all of these cases, the proposed counsel has worked on the case previously and often has a retainer agreement with the debtor. While not ideal, in those cases, the trustee elects to take the practical route of retaining existing counsel, but making it clear to that counsel that the bankruptcy court must approve any settlement and any fees paid to counsel. In the vast majority of the cases, no problem arises because of this and counsel, the bankruptcy estate, and the debtor often receive money as a result of this arrangement.

In this case, there was a breakdown in this communication. A review of the Application to Employ Harry would lead one to think that Harry only agreed to accept the traditional one-third contingency fee after payment of expenses. The Affidavit of Harry also sets forth that Harry represented the Debtor previously, but that this posed no problem for Harry to represent Trustee Sweet in this case.

In contrast, however, Harry's June 11, 2012, letter to Trustee Sweet's counsel references being retained by the insured/debtor to handle the matter on an hourly basis and further states that the Debtor may decide if it is worthwhile to simply pay the unsecured creditors with any proceeds she may receive. This is in direct contradiction to the Application filed with this Court, the Bankruptcy Code, and the practices of this Court. Had this Court been advised that Harry had a separate retainer agreement with the Debtor or Mr. Sanderson, it would not have approved the Application to Employ Harry. Had the proper disclosures been made, neither Trustee Sweet or Harry would find themselves in the position that each is in today.

The record developed at the August 7, 2013, hearing is that Harry received the $9,851.50 from Mr. Sanderson. Trustee Sweet's counsel was satisfied that this money was given to Harry by

Mr. Sanderson and not the Debtor and, as such, this Court lacks the jurisdiction to order Harry to disgorge that money to the estate. The Court will not award any money to Harry because both 11 U.S.C. §§ 327 and 328 were violated. Moreover, Federal Rule of Bankruptcy Procedure 2016 was not followed. Even if this Court were inclined to award Harry fees and expenses, the original agreement which this Court thought it had approved was that Harry would receive expenses and then a one-third contingency fee on the remaining funds. Here, the estate received $30,000.00 and incurred some expenses. Although not mathematically complete or accurate, the $9,851.50 that Harry received is approximately the same as the amount that would have received had the original transaction as contemplated by the Court been completed without incident. To the extent that any difference exists that is to the detriment of Harry, the Court finds that the failure of Harry to comply with 11 U.S.C. §§ 327 and 328, as well as Federal Rule of Bankruptcy Procedure 2016, warrant such a reduction in fees and expenses awarded to Harry.

Harry also requests this Court enforce the lien created by the Genesee County Circuit Court. This Court declines to do so because Harry has not complied with 11 U.S.C. §§ 327 and 328, as well as Federal Rule of Bankruptcy Procedure 2016. The Court also concludes that Harry is not entitled to any other compensation other than the money he has already received.

For these reasons, the Application for Compensation of Special Counsel, C. Daniel Harry & Associates PLLC, is denied. The Court will enter an order consistent with this Opinion.
Not for Publication

**Signed on August 23, 2013**

                                            **/s/ Daniel S. Opperman**
                                            **Daniel S. Opperman**
                                            **United States Bankruptcy Judge**